IT IS SO ORDERED.

Dated:  November 16, 2017
      10:21:10 AM

_____
Kay Woods
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

```
                            *
IN RE:                      *
                            *     CASE NUMBER  17-41891
WILLIAM J. TIDSWELL, JR.    *
DONNA S. TIDSWELL,          *     CHAPTER 13
                            *
   Debtor.                  *     HONORABLE KAY WOODS
                            *
****************************************************************
                    CONFIRMATION ORDER
****************************************************************
```

The above named debtor and/or debtors in a joint case ("Debtor") filed a Chapter 13 Plan or a modified Chapter 13 Plan ("Plan") on September 29, 2017. The Standing Chapter 13 Trustee ("Trustee") has (i) conducted the First Meeting of Creditors pursuant to 11 U.S.C. § 341 ("341 Meeting"); (ii) filed a report with the Court subsequent to the 341 Meeting; and (iii) recommended the Plan for confirmation.

The Court having considered (i) the Trustee's recommendation; (ii) such other matters, if any, presented by

the Debtor and/or Debtor's attorney; and (iii) objections, if any, to confirmation, the Court finds, as follows:

1. Notice of the confirmation hearing was duly given in accordance with Administrative Order No. 12-04 (as amended hereafter).

2. The Plan complies with all applicable provisions of Title 11 of the United States Code.

3. Any fee, charge or amount required to be paid before confirmation (i) under the Plan; or (ii) by 28 U.S.C. § 1930, has been paid.

IT IS THEREFORE ORDERED:

1. The Plan is confirmed.

2. The Plan is incorporated into this Confirmation Order as if fully rewritten; provided, however, that if there are any inconsistencies between the Plan and this Order, this Order shall control.

3. The Plan may extend beyond its stated term, but not to exceed a total of sixty (60) months in duration, in order to carry out the provisions of this Order, without further application or notice pursuant to 11 U.S.C. § 1322.

4. The Trustee is authorized and permitted to send notices, Plan balance information and other general information concerning the administration of the Plan directly to the Debtor pursuant to 11 U.S.C. § 1302(b)(4).

5. Pursuant to Amended Administrative Order No. 05-10 (as amended hereafter), which is incorporated by reference, the Debtor is required to make the first payment pursuant to the Plan, in the amount proposed in the Plan, within ten (10) days after the Order for Relief, notwithstanding anything to the contrary in 11 U.S.C. § 1326(a)(1). The Debtor shall, until further order of the Court, make the periodic payments called for in the Plan ("Plan Payments") to the Trustee at the following address: Michael Gallo, Trustee; P.O. Box 80; Memphis, TN 38101-0080.

6. If the Plan provides for the Debtor to make post-petition payments directly to a secured creditor (*e.g.*, mortgage payments), the Debtor shall timely make those payments to such creditor pursuant to the terms of the contract between the creditor and the Debtor.

7. The Debtor is under a continuing duty to:
   a. cooperate with the Trustee;
   b. disclose all income and assets to the Trustee;
   c. provide the Trustee and the Court with notice of any change in status, as outlined in Article V of the Plan;
   d. pay all applicable taxes as they become due, including, but not limited to (i) income taxes to federal, state and local taxing authorities;

(ii) local property taxes, except for taxes on property surrendered pursuant to the Plan; and (iii) sales and payroll taxes for which the Debtor is personally liable; and

   e.  maintain homeowner's and/or auto insurance for all assets that constitute secured collateral.

8. Absent prior authorization of the Court, and/or except as provided in Article VI of the Plan, the Debtor shall not:
   a.  incur post-petition debt; or
   b.  transfer any interest in real property, including leasing or selling oil and gas rights.

9. Property of this bankruptcy estate shall consist of all items listed in 11 U.S.C. §§ 541 and 1306, including, but not limited to (i) all post-petition assets and income acquired by the Debtor; and (ii) in accordance with Article I, Section 1B of the Plan, any Excess Tax Refunds.

10. Title to the Debtor's property shall re-vest in the Debtor as set forth in Article VII of the Plan.

11. Provided Debtor's attorney has complied with the terms of Amended Administrative Order No. 14-02 (as amended hereafter), Debtor's attorney is authorized and permitted payment of attorney fees in the amount specified in the Administrative Order, to be paid by the Trustee through the Plan.

12. Administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. §§ 503(b) and 1326(b)(2).

13. The Trustee shall pay claims as filed, absent an objection by the Debtor or other party in interest. A creditor may file a proof of claim at any time prior to expiration of the bar date for filing proofs of claim in an amount other than as provided in the Plan. A creditor may object to a modified plan up to thirty (30) days after such modified plan is filed, if the modified plan changes the amount, classification or priority of such creditor's claim. This Confirmation Order shall not be *res judicata* to the Court's consideration of any timely filed proof of claim.

14. A creditor seeking to be paid under the Plan must file a proof of claim pursuant to Federal Rule of Bankruptcy Procedure 3002. The Trustee shall pay each creditor after a proper and timely proof of claim is filed or, subject to paragraph 13, above, after entry of an order authorizing payment. Pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(1) and (b)(1)(B), the Trustee shall make monthly payments to secured, priority and unsecured creditors pursuant to the Plan.

15. A secured creditor shall retain its lien(s), unless such lien is expressly avoided pursuant to order of the Court. If this case is either dismissed or converted to a

5

17-41891-rk    Doc 17    FILED 11/16/17    ENTERED 11/16/17 10:31:32    Page 5 of 8

chapter 7 case, the property of the estate shall remain subject to the liens existing at the time of the filing of the case subject to adjustments for the amount(s) paid under the Plan.

16. If Article III of the Plan provides for surrender of a creditor's collateral, the creditor is required to file an unsecured claim for the deficiency balance within ninety (90) days after entry of this Confirmation Order. If Article III of the Plan does not provide for surrender of a creditor's collateral, but the creditor moves for and obtains relief from stay, such creditor is required to file a general unsecured claim for such deficiency the later of: (i) the time period provided for filing proofs of claim; or (ii) ninety (90) days after entry of a final order for relief from stay. If liquidation of the collateral does not occur within the applicable time period in this paragraph, the creditor should estimate the amount of the deficiency claim; the creditor is required to amend the proof of claim as soon as the amount of the deficiency is known. Failure to timely file a deficiency claim shall bar the creditor from participation in distribution for such deficiency. <u>The time period in this Confirmation Order controls over any inconsistent period for filing a proof of claim in any other order of the Court</u> (*e.g.*, an order for

relief from stay or an order sustaining objection to claim).

17. Each creditor shall credit payments received under the Plan in the manner required by the Plan, including crediting payments designated as a cure of pre-petition arrearage to such pre-petition arrearage. Post-petition payments (whether made through or outside the Plan) shall be credited to post-petition amounts due and owing. Failure to so credit payments (i) may constitute a violation of 11 U.S.C. § 524(a)(2) and this Order; and (ii) may subject such creditor to the imposition of damages, under 11 U.S.C. § 524(i), and/or sanctions by this Court.

18. If the Debtor is (i) current in making post-petition mortgage payments; (ii) current in making Plan Payments; and (iii) occupying the premises that is subject to the mortgage or deed of trust, then Mortgage Holders (as defined in the Plan) shall refrain from the imposition of monthly inspection fees, attorney fees, paralegal fees or other types of bankruptcy monitoring fees without prior approval of the Court, after notice and hearing.

19. The Debtor is responsible for timely completion of all discharge requirements, including but not limited to filing (i) Form 23 to indicate completion of a course in personal financial management; (ii) certification related to

domestic support obligations; and (iii) if applicable pursuant to Amended Administrative Order No. 08-11 (as amended hereafter), certification related to 11 U.S.C. § 1328(h). Once the Debtor has made all required Plan Payments, the Trustee shall file Chapter 13 Trustee's Final Report and Account in compliance with Federal Rule of Bankruptcy Procedure 3002.1.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**SUMMARY PLAN PAYMENTS – ATTORNEY FEES ALLOWANCE:**

1. Plan Payment: $1,200.00 per month.
2. Term: 60 months.
3. Dividend to general unsecured creditors: 100%.
4. Attorney Fees:

    Allowed: $4,000.00

    Amount paid: $ 0.00

    Balance through Plan: $4,000.00

# # #